# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

MICHAEL GROVES,
    Plaintiff,

vs.

CINCINNATI CHILDREN'S HOSPITAL
MEDICAL CENTER,
    Defendant.

Case No. 1:14-cv-674

Beckwith, J.
Litkovitz, M.J.

**REPORT AND**
**RECOMMENDATION**

This matter is before the Court *sua sponte* upon notice of the Suggestion of Death Upon the Record filed by defendant on May 8, 2015. (Doc. 15). Based on the record and the applicable law, the undersigned recommends that this matter be dismissed.

Plaintiff Michael Groves filed his complaint on August 22, 2014, naming Cincinnati Children's Hospital Medical Center (defendant) as the only defendant in this matter. (Doc. 1). On May 8, 2015, defendant filed a Suggestion of Death of plaintiff upon the record. (Doc. 15). According to the Suggestion of Death, plaintiff passed away on April 9, 2015. (*Id.*).[1]

The undersigned held a status conference on June 1, 2015, to discuss the effect of plaintiff's passing on this lawsuit. During the conference plaintiff's counsel confirmed plaintiff's death and represented that it was his intent to open an estate on behalf of plaintiff and move to substitute plaintiff's successor as the party in this matter pursuant to Fed. R. Civ. P. 25. *See* Doc. 17. The discovery and dispositive motion deadlines were stayed pending the anticipated substitution. *Id.* A follow-up status conference was held on June 30, 2015, during which plaintiff's counsel represented that he would not be filing a motion for substitution of a party in this case.

---

[1] It is undisputed that the Suggestion of Death complies with the notice requirements of Fed. R. Civ. P. 25(a)(3) as it provides that in addition to filing the notice with the Court and serving it upon plaintiff's counsel, the notice would be served on plaintiff's potential successors or representatives including Michael Eugene Groves, Virginia Lea Shaw-Biggs, and Emmanuel Ray Kuhn. (Doc. 15 at 1).

Federal Rule Civil Procedure 25 provides, in part:

> If a party dies and the claim is not extinguished,[2] the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1). More than ninety days have passed since defendant filed the Suggestion of Death of plaintiff Michael Groves, and no motion for substitution has been filed with the Court. Accordingly, this action must be dismissed. Fed. R. Civ. P. 25(a)(1).

**IT IS THEREFORE RECOMMENDED THAT** this matter be dismissed without prejudice and closed on the docket of the Court.

Date: 8/17/15

Karen L. Litkovitz
United States Magistrate Judge

---

[2] The parties agree, as does the Court, that plaintiff's federal gender discrimination claims survive his death. *See Bligh-Glover v. Rizzo*, No. 1:08-cv-2788, 2012 WL 4506029, at * (N.D. Ohio Sept. 30, 2012) (finding that deceased plaintiff's Title VII gender discrimination claim survived his death).

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MICHAEL GROVES,
    Plaintiff,

vs.

CINCINNATI CHILDREN'S HOSPITAL
MEDICAL CENTER,
    Defendant.

Case No. 1:14-cv-674

Beckwith, J.
Litkovitz, M.J.

**NOTICE TO THE PARTIES REGARDING THE FILING OF OBJECTIONS TO R&R**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas* v. *Arn,* 474 U.S. 140 (1985); *United States* v. *Walters,* 638 F.2d 947 (6th Cir. 1981).