UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Michael Groves, | : | Case No. 1:14-cv-674 |
| Plaintiff, | : | |
| vs. | : | |
| Cincinnati Children's Hospital Medical Center, | : | |
| Defendant. | : | |

**ORDER**

Plaintiff filed a complaint in this case on August 22, 2014 against his former employer, Cincinnati Children's Hospital Medical Center, alleging employment discrimination. On May 8, 2015, Defendant filed a suggestion of Groves' death (Doc. 15), which was confirmed by his lawyer during a subsequent telephone conference. (See Doc. 17)  Counsel informed the Court at that conference that he intended to open an estate and move to substitute the estate as a successor pursuant to Fed. R. Civ. Proc. 25, and the matter was stayed. The Magistrate Judge held another status conference on June 30.

The Magistrate Judge issued a Report and Recommendation on August 17, recommending that the case be dismissed. (Doc. 21) The Magistrate Judge notes that Plaintiff's counsel informed the Court during the June 30 conference that he would not be filing a motion for substitution. Pursuant to Rule 25, since more than 90 days had elapsed after service of the suggestion of death, the Magistrate Judge recommended that the matter be dismissed without prejudice.

Defendant objects only with respect to the dismissal without prejudice. Rule

25(a)(1) allows a motion for substitution to be filed by any party or a decedent's successor or representative. But the Rule also states: "If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." Defendant argues that a dismissal with prejudice is warranted by the wording of the Rule, and it cites several cases entering with-prejudice dismissals when substitution motions are not timely filed. In Hawks v. John & Jane Does, 2013 U.S. Dist. LEXIS 8766 (W.D. Ky., Jan. 23, 2013), plaintiff died; 92 days later his lawyer filed a motion to substitute his sister as plaintiff. The district court noted that the administratrix of the estate (who was in fact his sister) did not file the motion. But even if she had done so in her capacity of administratrix, she provided no explanation for the untimeliness of the motion. Nor was there any indication in the record from her or from plaintiff's lawyer that there would have been a problem complying with the 90-day rule. The district court denied the substitution motion, and granted defendants' motion to dismiss. See also Brown v. Warden Voorhies, 2012 U.S. Dist. LEXIS 44511, *11-12 (S.D. Ohio, March 30, 2012), dismissing claims against deceased defendant with prejudice when a substitution motion was not filed within 90 days of the notice of death.

Here, the suggestion of death was filed on May 8, and the Magistrate Judge's Report was filed on August 17. No motion or response of any sort has been filed by anyone seeking to substitute as a plaintiff in this case. In addition, Defendant has established that it served the Suggestion of Death upon Plaintiff's father, sister and brother (his only family members). Defense counsel was contacted by Plaintiff's brother, Emanuel Kuhn, on May 11, 2015, and counsel gave Mr. Kuhn the contact information for Plaintiff's counsel. There is no dispute that Plaintiff's family members

have received official notice of his death, and that they are aware of this lawsuit. Despite that knowledge, no one has taken any step to substitute as a plaintiff in this case.

Based on the text of Rule 25(d)(1), and the cases cited by Defendant, the Court agrees that this case should be dismissed with prejudice. There would be little sense in providing a 90-day rule for substitution motions if that rule could be disregarded, and substitution motions filed any time thereafter. The Court therefore sustains the Defendant's limited objection to the Magistrate Judge's recommendation. This case is dismissed in its entirety, **with prejudice**.

SO ORDERED.

THIS CASE IS CLOSED.

DATED: September 21, 2015          s/Sandra S. Beckwith
                                    Sandra S. Beckwith, Senior Judge
                                    United States District Court